# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GLEN HUNSBERGER, *et. al.*,

    Defendants.

Case No. 2:14-CR-00328-KJD-NJK

**<u>ORDER</u>**

Before the Court for consideration is the Order and Report and Recommendation (#198) of Magistrate Judge Nancy J. Koppe entered September 23, 2016, recommending that Defendant Glen Hunsberger's Motion to Suppress (#181) be denied. Defendants Jennifer Peskett, Jason Monteiro and Anthony Navarro also joined in the motion to suppress. <u>See</u> Order (#191/193). In accordance with Local Rule IB 3-2 ("LR IB 3-2"), Defendant Anthony Navarrro filed Objections (#200) to the Report and Recommendation.  Defendant Jason Monteiro filed a Motion for Joinder (#201) to Navarro's objections. Defendant Monteiro's motion for joinder is granted.  Additionally, Defendant Glen Hunsberger filed objections (#203). The Government filed a response (#204) to the objections.

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2.  The Court determines that the Report and Recommendation (#198) of the United States Magistrate Judge entered September 23, 2016, should be **ADOPTED** and

**AFFIRMED** with some modification. To the extent that Defendant Hunsberger asserts a possessory interest in the package at issue, he has standing to contest the search and seizure. However, such an interest only adds to the totality-of-the-circumstances which justify the magistrate judge's finding of probable cause to issue the warrant. Further, the alleged "misrepresentations" regarding the postal investigator affiant's training and experience, were not misrepresentations, or omissions that justify a *Franks* hearing. Further, failing to mention that no charges had been filed following Hunsberger's arrest for possession of narcotics was not misleading or false. Defendant has not disputed the truth of the allegation that he was arrested as asserted in the affidavit. While Defendants would like the Court to parse the allegations in the affidavit and discount them individually, the correct approach is to consider the "totality-of-the-circumstances" and uphold the magistrate judge's decision to issue the warrant where he or she "had substantial basis for . . . concluding that probable cause to search existed." Illinois v. Gates, 462 U.S. 213, 244-46 (1983)(internal quotations omitted). Here, considering all of the facts in the affidavit, the magistrate judge correctly concluded that probable cause existed.

Accordingly, IT IS THEREFORE ORDERED that the Magistrate Judge's Order and Report and Recommendation (#198) entered September 23, 2016, is **ADOPTED** and **AFFIRMED as modified**, and Defendants' Motion to Suppress Evidence (#181) is **DENIED**;

IT IS FURTHER ORDERED that the Objections (#200/203) are **DENIED;**

IT IS FURTHER ORDERED that the Motion for Joinder (#201) is **GRANTED.**

DATED this 2nd day of March 2017.

_____
Kent J. Dawson
United States District Judge

2